UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * *
UNITED STATES OF AMERICA         *
                                 *
v.                               *    Case No.: 1:23-cr-00017-TNM
                                 *    Sentencing – July 7, 2023
JERMAINE DUKES,                  *
                                 *
        Defendant.               *
* * * * * * * * * * * * * * * * * * * * * * *
```

### DEFENDANT DUKES' MITIGATION MEMORANDUM

Pursuant to the guidelines set forth in 18 U.S.C. § 3553, it is the Court's responsibility to impose a suitable sentence that upholds the principles of justice without undue severity, in accordance with the lawful objectives of sentencing. During this process, the Court must consider various factors, including (1) the specific circumstances surrounding the offense committed, as well as Jermaine Dukes' personal background and qualities, and (2) the imperative to ensure that the imposed sentence aligns with the factors delineated in 18 U.S.C. § 3553(a)(2).

Given the mandated sentence for this case, Mr. Dukes respectfully requests the Court to take into consideration the following information as mitigating factors:

### Sources of Information

- Interview with Jermaine Dukes.
- Plea Agreement and other case materials for the instant offense.
- Presentence Investigation Report dated June 2, 2023.

### Current Posture of Jermaine Dukes

On January 12, 2023, a Federal Grand Jury in Washington, DC issued an indictment consisting of three charges against Jermaine Dukes. The first count charges him with the unlawful possession of a firearm and ammunition by an individual previously convicted of a crime that carries a potential prison term exceeding one year, in violation of 18 USC § 922(g)(1). The second count accuses him of unlawful possession with the intent to distribute a substance containing detectable amounts of marijuana, in violation of 21 USC §§ 841(a)(1) and (b)(1)(D). Lastly, the third count alleges that he used, carried, and possessed a firearm during the commission of a drug trafficking offense, in violation of 18 USC § 924(c)(1).

On April 6, 2023, Mr. Dukes entered a guilty plea, pursuant to a plea agreement under Rule 11(c)(1)(B), for Counts One and Two of the Indictment. Regarding Count One, Mr. Dukes acknowledged that a conviction for this offense carries a maximum penalty of 15 years imprisonment under 18 USC § 922(g)(1). Additionally, Mr. Dukes may be subject to a fine of

up to $250,000 or twice the pecuniary gain or loss resulting from the offense. A term of supervised release not exceeding three years, as outlined in 18 USC § 3583(b)(2), may also be imposed. Concerning Count Two, Mr. Dukes recognizes that a conviction for this offense carries a maximum sentence of five years imprisonment as per 21 USC §§ 841(a)(1) and (b)(1)(D). A term of supervised release not exceeding two years and a fine of $250,000 may be imposed. Additionally, Mr. Dukes agreed to pay a special assessment of $100 for each felony conviction to the Clerk of the United States District Court for the District of Columbia.

Mr. Dukes has been continuously detained since April 6, 2023, and he has not engaged in any conduct that would jeopardize his acceptance of responsibility in this case.

**Offense Conduct**

On August 24, 2022, officers from the Metropolitan Police Department (MPD) noticed a black Mercedes, registered to Seannetta Brittany Hutchinson, parked in the side parking lot at 1418 Saratoga Ave. Northeast, Washington, DC. They observed Mr. Dukes, the defendant, approach the Mercedes, open the trunk, and retrieve a large black bag. Mr. Dukes then placed the bag in the front passenger seat of the Mercedes, leaving the front passenger door partially open. He reached into the black bag and removed a large plastic bag containing marijuana. While seated in the passenger seat, Mr. Dukes proceeded to divide the marijuana into smaller bags for distribution, using a small scale to weigh each bag.

One of the MPD officers who was observing the situation radioed for assistance from nearby officers. Several MPD officers, dressed in full uniform and driving marked cars, promptly responded to the scene. Upon seeing the approaching MPD officers, Mr. Dukes closed the car door and walked away from the vehicle.

Mr. Dukes was detained, and a search was conducted on the Mercedes. MPD officers discovered approximately 799 grams of marijuana, a loaded Glock 23 pistol, a loaded Micro Draco pistol, 62 rounds of ammunition, a high-capacity magazine, and $947.00 in US currency. The Glock 23 pistol was found in a black Nike bag on the floor of the front passenger seat where Mr. Dukes had been sitting while dividing the marijuana for distribution. Bags of marijuana were also found in the front passenger door, in close proximity to the recovered Glock 23. Mr. Dukes was arrested and transported for processing in an enforcement vehicle. Upon arrival at the designated location, when Mr. Dukes was removed from the enforcement vehicle, a black digital scale with residue on it was discovered on the floorboard at the foot of the seat where he had been sitting.

A check in the WALES/NCIC database revealed that the firearms recovered were not currently registered. Furthermore, there are no firearm or ammunition manufacturers located within the District of Columbia. This indicates that the firearm and ammunition in this case must have been transported across state lines.

On August 24, 2022, Mr. Dukes knowingly possessed the following items: a Glock 23 firearm chambered in 9mm, loaded with 15 rounds of ammunition, which was found in a black Nike bag on the floor of the passenger seat of the Mercedes, along with an extended magazine and additional ammunition. Additionally, he knowingly possessed a Micro Draco pistol chambered

in 7.62x39mm, which was discovered in the trunk of the Mercedes. Lastly, Mr. Dukes knowingly possessed 799 grams of marijuana, a controlled substance classified as Schedule I, with the intention to distribute it.

It should be noted that Mr. Dukes is prohibited from possessing firearms or ammunition due to his awareness of a previous conviction that resulted in a prison term exceeding one year. He has two prior felony convictions in DC Superior Court, with the case numbers 17-cr-000009 (Felon in Possession) and 2014-CF2-016930 (Possession with Intent to Distribute While Armed). In Case Number 17-cr-000009, Mr. Dukes received a sentence of 37 months' imprisonment, while in Case Number 2014-CF2-016930, he received a sentence of 30 months' imprisonment. Therefore, at the time of possessing the two firearms and ammunition in this case, Mr. Dukes was aware of his previous convictions for crimes punishable by imprisonment exceeding one year.

**Co-defendants/Related Cases**

None.

**Statutory Penalties**

**Count 1:** Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year (18 U.S.C. § 922(g)(1)) – Not more than 15 years' incarceration; up to 3 years of supervised release; a fine of not more than $250,000; and a special assessment fee of $100.

**Count 2:** Unlawful Possession with Intent to Distribute a Mixture Containing a Detectable Amount of Marijuana (21 U.S.C. §§ 841(a)(1) and (b)(1)(D)) – Not more than 5 years' incarceration; up to 2 years of supervised release; a fine of not more than $250,000; and a special assessment fee of $100.

**Impact of the Plea Agreement**

Mr. Dukes agrees to plead guilty to Count 1 and Count 2 of a three-count Indictment. Specifically, Mr. Dukes agrees to plead guilty to – Count 1: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); and Count 2: Unlawful Possession with Intent to Distribute a Mixture Containing a Detectable Amount of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

- The parties agree that the Government will dismiss Count 3 of the Indictment (i.e., Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)) at sentencing.

- The Government and Mr. Dukes stipulate and agree to the Statement of Facts set forth in Attachment A.

- Both parties agree and stipulate that the quantity of controlled substances attributable to Mr. Dukes is equivalent to less than 50 kilograms of marijuana.

- The parties agree Counts 1 and 2 group pursuant to USSG §3D1.2(c) and the adjusted offense level is 26.

- Both parties agree that the offense level should be reduced 3 levels if Mr. Dukes accepts responsibility for his offense conduct in a timely manner, pursuant to USSG §3E1.1(a) & (b).

- The parties agree that the is no agreement as to Mr. Dukes' criminal history, and Mr. Dukes understands that his criminal history could alter his offense level.

- The parties agree no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in disputes or will be raised in calculating the advisory guidelines range.

- At sentencing, both parties reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a).

- Mr. Dukes reserves the right to appeal any term of imprisonment to the extent that it exceeds any sentence within the advisory guidelines range resulting from an offense level of 23.

- The Government reserves the right to appeal any term of imprisonment to the extent that is below any sentence within the advisory guidelines range resulting from an offense level of 23.

- Mr. Dukes agrees to forfeit all rights, title, and interest in the following items seized in this case on August 24, 2022. They are: (1) a Glock 23 (Serial Number BSMA505), (2) a Micro Draco Pistol (Serial Number PMD0925718RO), (3) 62 rounds of ammunition, (4) a large capacity magazine, (5) $957 in U.S. Currency, and (6) all controlled substances.

**Guidelines Calculations**

The applicable guideline for Count 1 is found in USSG §2K2.1 – <u>Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.</u>

The applicable guideline for Count 2 is found in USSG §2D1.1 – <u>Unlawful Possession with Intent to Distribute a Mixture Containing a Detectable Amount of Marijuana.</u>

According to the Grouping Rules outlined in USSG §3D1.2(c), Counts 1 and 2 are considered as a single group, referred to as Group 1. When counts are grouped together as per USSG §3D1.2(a)-(c), the offense level applicable to the group is determined by considering the offense level outlined in Chapter Two and Parts A, B, and C of Chapter Three for the most

serious count within the group. This means that the highest offense level among the counts in the group determines the offense level. In this particular case, USSG §2K2.1 yields the higher offense level.

### Group 1 (Counts 1 & 2)

Base Offense Level: The sentencing guidelines for offenses under 18 U.S.C. § 922(g)(1) are outlined in USSG §2K2.1. In this case, the offense involves a semiautomatic firearm that has the capacity to accept a large capacity magazine, and Mr. Dukes committed the current offense after being convicted of a controlled substance offense in Case No. 2014-CF2-016930. As a result, the base offense level is set at 22, in accordance with USSG §2K2.1(a)(3)(A)(i) and (B).

Specific Offense Characteristic: Due to Mr. Dukes' use or possession of a firearm in connection with another felony offense related to drugs, an additional four levels are added in accordance with USSG §2K2.1(b)(6)(B). +4

Victim-Related Adjustments: None. 0

Adjustment for Role in the Offense: None. 0

Adjustment for Obstruction of Justice: None. 0

Adjusted Offense Level: 26

Adjustment for Acceptance of Responsibility: Mr. Dukes fully accepts responsibility for his actions and truthfully admits to his involvement in this instant offense. Pursuant to USSG §3E1.1(a) & (b), the offense level should be reduced by 3 levels. -3

Chapter Four Enhancements: None. 0

Total Offense Level: 23

**Criminal History**

The United States Probation & Pretrial Services Office completed a Presentence Investigation Report in this case on June 2, 2023, and determined that Mr. Dukes has 4 prior convictions that are scoreable. This resulted in a total criminal history score of eleven (11).[1] A criminal history score of eleven (11) establishes a Criminal History Category of V.

We thoroughly reviewed the Presentence Report and did not find any calculation errors that would negatively impact Mr. Dukes' criminal history score or Criminal History Category.

---

[1] Mr. Dukes committed the instant offense while under a criminal justice sentence in the Superior Court of the District of Columbia and the United States District Court for the District of Columbia; therefore, receiving two (2) points pursuant to USSG §4A1.1(d).

Based on a total offense level of 23 and a Criminal History Category of V, the applicable advisory sentencing guidelines range is 84 to 105 months.

**Applying the Factors of 18 U.S.C. § 3553(a) to Jermaine Dukes**

**Jermaine Dukes' History and Characteristics**

The following information regarding Jermaine Dukes' history and characteristics is offered as a supplement to the presentence investigation report conducted by the U.S. Probation and Pretrial Services Office.

**Mental Health**

According to Mr. Dukes, he has not previously experienced any mental or emotional health issues or received treatment for such conditions. However, due to his separation from his family and the realization of the difficulties caused by his actions for his loved ones, Mr. Dukes occasionally encounters episodes of depression. He acknowledges the importance of seeking counseling and is open to receiving professional support in addressing these challenges.

**Employment**

Mr. Dukes asserts that he was employed at the time of his arrest in the present case. He was working for a company called Everyday Investors, based in Washington, D.C. His main responsibility within the company involved actively seeking out properties requiring repairs or homeowners interested in selling their homes. According to Mr. Dukes, he received a commission for each property where the owner engaged his employer's services for repairs or sale.

**Education**

As indicated in the Presentence Investigation Report, Mr. Dukes did not graduate from high school because he was expelled for fighting. However, according to Mr. Dukes, he successfully obtained his high school equivalency diploma ("GED") in 2018 while in the custody of the Bureau of Prisons.

**Community Support**

The undersigned counsel has learned that several of Mr. Dukes' friends and relatives have submitted letters expressing their support to the Court, anticipating his impending sentencing. Although the undersigned has not personally seen the letters, the received feedback overwhelmingly indicates that Mr. Dukes possesses a strong network of individuals who are prepared to assist and stand by him throughout his time in confinement. Additionally, they are committed to offering him the essential support required for a successful reintegration into society upon his release.

**The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct**

In today's world, news spreads rapidly and reaches a wide audience, including both the general public and individuals inclined towards engaging in illegal activities.  This means that people are now well aware of the risks associated with committing crimes similar to those committed by Mr. Dukes and the potential for substantial prison sentences.

Moreover, extensive research has demonstrated that the likelihood of getting caught serves as a far more effective deterrent to crime than the severity of punishment alone.  According to the U.S. Department of Justice National Institute of Justice (2016), laws and policies that primarily focus on increasing punishment's severity are ineffective, as many criminals possess limited knowledge about specific crime sanctions.  Harsher punishments do not effectively reform convicted individuals, and prisons can even contribute to recidivism.

Considering this information, we believe that a sentence at the bottom of the advisory guidelines range would appropriately serve as both an individual deterrence for Mr. Dukes and a general deterrence for others.

**The Need for the Sentence Imposed to Protect from Further Crimes by Jermaine Dukes**

Imposing a sentence at the bottom of the guidelines, which amounts to 84 months, would effectively serve as a deterrent for Mr. Dukes to engage in future criminal activities.  There are several reasons why this would be the case.  Firstly, while Mr. Dukes may have prior convictions, the length of imprisonment he can expect to serve in this particular case would significantly exceed any previous sentences he has served.  This increased period of incarceration can have a strong impact on deterring him from committing future crimes.

Additionally, Mr. Dukes is now facing a prison term that will separate him from his 8-month-old child for a considerable duration.  Unlike in the past, where he did not have to be concerned about being away from his children, this current situation highlights the significant personal cost and emotional toll that his actions have imposed on his family.  The prospect of being separated from his young child can serve as a powerful deterrent, reinforcing the gravity of his actions and the need for him to avoid further criminal behavior in the future.

Taken together, the combination of a lengthy sentence surpassing his previous experiences and the emotional impact of being separated from his young child enhances the potential deterrent effect of the imposed sentence, thereby promoting a deterrence against future criminal activities by Mr. Dukes.

**To Provide Jermaine Dukes with Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

Based on the information provided by Mr. Dukes and the findings of the presentence report's writer, there seems to be a discrepancy regarding whether Mr. Dukes has actually obtained his GED.  If it is determined that Mr. Dukes has not obtained a GED as claimed, it would be highly beneficial to order him to pursue this educational milestone.  Additionally, while Mr. Dukes does

not appear to be a user of "hard" drugs, there seems to be evidence of occasional dependency on marijuana. Therefore, it would be appropriate for the Court to address this issue in the sentence imposed. One potential solution could be to require Mr. Dukes to participate in a drug program during his incarceration to address and manage his marijuana dependency effectively.

**The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

An essential factor that this Court must carefully consider is the avoidance of unjustifiable sentencing disparities.

According to the United States Sentencing Commission's statistics for Fiscal Year 2021, the average sentence length nationwide for firearms offenses was 48 months of imprisonment, with a median sentence length of 37 months. In the Fourth Circuit specifically, the average sentence length for firearms offenses was 57 months, with a median sentence length of 48 months. Similarly, for drug trafficking offenses, the national average sentence length was 74 months, with a median sentence length of 60 months. In the Fourth Circuit, the average sentence length for drug trafficking offenses was 85 months, with a median sentence length of 72 months.

Therefore, a bottom of the guideline sentence of 84 months in Mr. Dukes' case would align with the median sentences imposed on similarly situated defendants not only on a national level but also within the Fourth Circuit. This consideration ensures consistency and fairness in sentencing outcomes.

**The Need to Provide Restitution to the Victim(s)**

Restitution is not an issue in this case.

**Conclusion**

After carefully reviewing the preceding discussion and analysis, we are of the opinion that there exists substantial evidence in favor of mitigation, justifying a sentence at the lower end of the recommended advisory range of 84-105 months.

We have made every effort to thoroughly address the factors outlined in 18 U.S.C. § 3553(a) that the Court is obligated to consider. Mr. Dukes respectfully urges the Court to consider this information in fulfilling its duty to impose a sentence that is appropriate and proportionate to the circumstances of this case, ensuring that it is neither excessive nor unnecessary.

Respectfully submitted,

/s/ Wole O. Falodun
Wole O. Falodun (#976572)
1001 L Street SE
Washington, DC 20003
wfalodun@cochranfirmdc.com
Tel: 202-331-0793 x 105

Fax: 301-337-7822

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT** a copy of the forgoing Defendant's Mitigation Memorandum was served, via ECF, this 29th day of June 2023, on the United States Attorney for the District of Columbia.

/s/ Wole O. Falodun
Wole O. Falodun